# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN OPPENHEIMER and ANGELINE OPPENHEIMER,<br><br>Plaintiffs,<br><br>vs.<br><br>SOUTHWEST AIRLINES CO.,<br><br>Defendant. | CASE NO. 13-CV-260 - IEG (BGS)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. No. 6] |

Before the Court is Defendant Southwest Airlines Co. ("Southwest")'s motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. No. 6.] For the reasons below, Defendant's motion is **DENIED**.

## BACKGROUND

This is a personal injury action arising in diversity. As Plaintiff Stephen Oppenheimer boarded a Southwest flight, a large metal object fell out of an overhead storage bin and hit him on the head, knocking him unconscious. Plaintiffs contend Southwest's negligence and willful and wanton misconduct caused this event and consequent injury. Defendant moves to dismiss Plaintiffs' claims for willful and wanton misconduct and corresponding request for punitive damages.

## DISCUSSION

Under Federal Rule of Civil Procedure 8(a)(2), "[a] pleading that states a

- 1 -

13cv260

claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) test the sufficiency of this required showing.  *New Mexico State Investment Council v. Ernst & Young LLP*, 641 F.3d 1089, 1094 (9th Cir. 2011).  "Dismissal is proper when the complaint does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory."  *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

Here, Defendant's motion to dismiss rests on three faulty premises: (1) that no claim for willful and wanton misconduct exists under California law; (2) that, if such a claim does exist, heightened California pleading standards apply thereto; and (3) that requests for punitive damages provide a basis for dismissal under Fed. R. Civ. P. 12(b)(6).  As discussed below, these premises misconstrue both California substantive law and federal civil procedure, and thus fail to warrant dismissal.

**1. Willful and Wanton Misconduct Exists Under California Law**

Defendant contends no claim for willful and wanton misconduct exists under California law.  [*See* Doc. No. 6 at 4-6.]  To the contrary, "California case law clearly distinguishes between the concepts of ordinary negligence and other, aggravated forms of misconduct such as gross negligence and recklessness."  *City of Santa Barbara v. Superior Court*, 41 Cal. 4th 747, 779 (Cal. 2007); *Berkley v. Dowds*, 152 Cal. App. 4th 518, 526 (Cal. Ct. App. 2007).  The Ninth Circuit recently acknowledged the same.  *Ileto v. Glock, Inc.*, 565 F.3d 1126, 1158 n.14 (9th Cir. 2009) (Berzon, J. concurring) ("California courts do recognize 'an aggravated form of negligence,' sometimes called 'willful misconduct.'") (quoting *Berkley*, 152 Cal. App. 4th at 526-28).  Accordingly, federal district courts sitting in diversity routinely entertain claims for willful and wanton misconduct under California law.  *See, e.g.*, *Jhaveri v. ADT Sec. Services, Inc.*, 2012 WL 843315, at *3 (C.D. Cal. March 6, 2012) ("In California, a cause of action for willful misconduct 'is . . . an aggravated form of negligence"); *Galvan v. Mimms*, 2013 WL 1962688, at *5 (E.D. Cal. May

10, 2013) (same); *Berman v. Knife River Corp.*, 2012 WL 646068, at *6 (N.D. Cal. Feb. 28, 2012) ("Whether termed 'gross negligence,' 'willful and wanton negligence,' 'reckless misconduct,' or something else, a plaintiff may plead a separate cause of action for aggravated negligence."). In light of this ample California and federal precedent, Defendant's contrary contention cannot warrant dismissal.

### 2. California Pleading Standards Are Inapplicable

Defendant further contends that, even if a claim for willful and wanton misconduct exists, here, Plaintiffs' claims fail to satisfy heightened California pleading standards. [*See, e.g.*, Doc. No. 6 at 10 ("when Plaintiff attempts to elevate the negligence to willful misconduct, even more than specific facts are required and '[t]he act or omission must be even more specifically described'"), 14 ("Plaintiffs' second cause of action fails to meet the heightened pleading requirements [for] seeking punitive damages").] Defendant's position reflects a fundamental misunderstanding of federal practice. "The manner and details of pleading in the federal court are governed by the Federal Rules of Civil Procedure regardless of the substantive law to be applied in the particular action." *Clement v. American Greetings Corp.*, 636 F.Supp 1326, 1328 (S.D. Cal. 1986) (citing Fed. R. Civ. P. 1; *Hanna v. Plumer*, 380 U.S. 460, 485 (1965); 5 Wright & Miller, *Federal Practice and Procedure* 2d § 1204). "Although in [a] diversity action [state] substantive law is to be applied to determine the ultimate validity of the plaintiff's claims, *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), the Federal Rules govern issues concerning the adequacy of the pleadings. *Hanna v. Plumer*, *supra*." *Id.* at 1329.

The applicable federal pleading standards only require "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This plausibility standard "does not require [courts] to flyspeck complaints looking for

any gap in the facts." *Lacey v. Maricopa County*, 693 F.3d 896, 924 (9th Cir. 2012) (en banc) (citing *Iqbal*, 556 U.S. at 677-78). "'Specific facts are not necessary.'" *Moss v. U.S. Secret Service*, 572 F.3d 962, 968 (9th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)); *see also Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (plausibility standard does not require "the who, what, when, where, and how of the misconduct alleged."). Nor is "[t]he standard at this stage . . . that plaintiff's explanation must be true or even probable." *Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011). "The factual allegations of the complaint need only 'plausibly suggest an entitlement to relief.'" *Id.* at 1217 (quoting *Iqbal*, 556 U.S. at 681). If "the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief," dismissal must be denied. *Cafasso*, 637 F.3d at 1054 (citing *Iqbal*, 556 U.S. at 677).

Plaintiffs' allegations suffice. Under California substantive law, a showing of conscious disregard can both support willful and wanton misconduct and warrant punitive damages. *See Bigge Crane & Rigging Co. v. Workers' Comp. App. Bd.*, 188 Cal. App. 4th 1330, 1349 (Cal. Ct. App. 2010) (conscious disregard can support willful misconduct); Cal. Civ. Code Section § 3294 (conscious disregard can warrant punitive damages). Plaintiffs allege that Southwest's boarding procedure, known as the "Southwest Stampede," consciously sacrifices passenger safety for speed and profit. [*See, e.g.*, Doc. No. 1 at 10-13.] Unique among United States airline carriers, Southwest does not assign seats, leaving passengers to determine seating and stow luggage without crew instruction or supervision. [*Id.*] Under the threat of termination for delay, Southwest crew rush passengers through this free-for-all boarding process. [*See id.* at 10-11.] Southwest crew are further pressured to simultaneously entertain passengers, distracting from necessary and prudent boarding and stowage safety measures, such as inspecting and evaluating carry-on items and securing their stowage in overhead bins. [*See id.* at 11.] Southwest has long known of the risks of injury posed by its rushed and chaotic boarding procedure, as evidenced by numerous prior lawsuits for injuries caused by carry-on

luggage during boarding and tightened federal regulations instituted in response to the Southwest Stampede. [*Id.* at 7, 11.] Finally, Plaintiffs allege that Southwest consciously disregarded these known risks during the very boarding process in which Mr. Oppenheimer was injured. [*Id.* at 3-8.] These allegations, taken as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and thus "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.

### 3. Punitive Damages Requests Provide No Basis For Dismissal

Defendant's arguments premised on Plaintiffs' request for punitive damages reflect another fundamental misunderstanding of federal civil practice. [*See*, *e.g.*, Doc. Nos. 6 at 12-14, 12 at 6-7.] Rule 12(b)(6) only countenances dismissal for failure to state a claim. Fed. R. Civ. P. 12(b)(6). "The question whether a plaintiff has stated a claim turns not on whether he has asked for the proper remedy but whether he is entitled to any remedy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 131 (1983). Thus, "[t]he sufficiency of a complaint is dependent on the facts alleged in the claim for relief, 'not on the . . . allegations of damages or [the] theory of damages.'" *Yaskot v. International Natural, LLC*, 2011 WL 2036688, at *3 (D. Idaho May 24, 2011) (quoting *Nester v. Western Union Telegraph Co.*, 25 F.Supp. 478, 481 (S.D. Cal. 1938)); *see also Palantir Technologies, Inc. v. Palantir.net, Inc.*, 2011 WL 3047327, at *3 (N.D. Cal. July 25, 2011) ("the test of a complaint pursuant to a motion to dismiss lies in the claim, not in the demand.").

Punitive damages constitute a remedy, not a claim. *See, e.g.*, *Rivercard, LLC v. Post Oak Productions, Inc.*, 2013 WL 1908315, at *5 (D. Nev. May 6, 2013) ("punitive damages is a remedy not a claim"); *see also Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1297 (11th Cir. 1999) ("It is clear, however, that a request for punitive damages is not a 'claim' within the meaning of 8(a)(2); it is only part of the relief prayed for."); *Doe v. Royal Caribbean Cruises, Ltd.*, 2012 WL 920675, at *2 (S.D. Fla. March 19, 2012) ("The defendant moves to dismiss . . . plaintiff's 'claim' for punitive damages. In reality, the plaintiff does not have a 'claim' for punitive

damages . . . punitive damages is merely one form of relief that the plaintiff may be entitled to if she prevails on her claim.").

Nor does the availability of punitive damages control or even pertain to the sufficiency of any claim. *See, e.g.*, *Traylor v. Avnet, Inc.*, 2008 WL 2945509, at *2 (D. Ariz. July 28, 2008) ("[a] demand for relief is not itself a part of the plaintiff's claim . . . Therefore, failure to specify relief to which a plaintiff is entitled would not warrant dismissal for failure to state a claim under Rule 12(b)(6)."); *Palantir Technologies*, 2011 WL 3047327, at *3 ("It need not appear that plaintiff can obtain the specific relief demanded as long as the court can ascertain from the face of the complaint that some relief can be granted."); *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002) ("the demand [for relief] is not itself a part of the plaintiff's claim . . . and so failure to specify relief to which the plaintiff was entitled would not warrant dismissal under Rule 12(b)(6) (dismissal for failure to state a claim)."); *Burkina Wear, Inc. v. Campagnolo, S.R.L.*, 2008 WL 1007634, at *3 (S.D.N.Y. April 9, 2008) ("the availability of the specific relief requested pursuant to any given count of the Complaint is not relevant to the question of whether [plaintiff] has stated a claim.").

Because punitive damages are but a remedy, and thus neither constitutes a claim nor pertains to whether any claim has been stated, requests for punitive damages provide no basis for dismissal under Fed. R. Civ. P. 12(b)(6). *See, e.g.*, *Monaco v. Liberty Life Assur. Co.*, 2007 WL 420139, at *6 (N.D. Cal. Feb. 6, 2007) ("Defendants argue that there is no basis for Plaintiff's claim for punitive damages. However, a complaint is not subject to a motion to dismiss for failure to state a claim under Rule 12(b)(6) because the prayer seeks relief that is not recoverable as a matter of law."); *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigations*, 517 F. Supp. 2d 662, 666 (S.D.N.Y. 2007) ("Punitive damages are not a claim and thus it makes little sense for defendants to move to dismiss [] *claims* for punitive damages.") (emphasis in original); *Douglas v. Miller*, 864 F.Supp.2d 1205, 1220 (W.D. Okla. 2012) ("With respect to the issue of punitive damages, whether

such damages are recoverable is not a proper subject for adjudication in a Rule 12(b)(6) motion, as the prayer for relief is not a part of the cause of action."); *Benedetto v. Delta Air Lines, Inc.*, __F. Supp. 2d__, 2013 WL 100055, at *7 (D. S.D. Jan. 7, 2013) ("punitive damages are a form of relief and not a 'claim' that is subject to a Rule 12(b)(6) motion to dismiss"); *Security Nat. Bank of Sioux City, Iowa v. Abbott Labs.*, 2012 WL 327863, at *21 (N.D. Iowa Feb. 1, 2012) ("punitive damages are not a cause of action, and as such . . . they are not subject to a motion to dismiss."). Accordingly, here, Plaintiffs' punitive damages request cannot warrant dismissal.[1]

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Defendant's motion to dismiss in its entirety.

**IT IS SO ORDERED.**

**DATED:** June 17, 2013

**IRMA E. GONZALEZ**
**United States District Judge**

---

[1] Fed. R. Civ. P. 54 underscores the impropriety of dismissing requests for punitive damages under Fed. R. Civ. P. 12(b)(6). Rule 54(c) states: "final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c). "It thus makes little sense to require detailed factual allegations to support a demand for certain damages when such damages may ultimately be awarded even if they were never pled in the complaint." *Royal Caribbean*, 2012 WL 920675, at *5; *see also Soltys v. Costello*, 520 F.3d 737, 742 (7th Cir. 2008) (noting that "Rule 54(c) contemplates an award of punitive damages if the party deserves such relief-whether or not a claim for punitive damages appears in the complaint" and thus describing as a "fundamental legal error" "the assumption that a prayer for punitive damages had to appear in the complaint in order to sustain an award of such damages.").